UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

IN RE: DANIEL S. BANYAI           Case No. 24-10242
                                               Chapter 7

Town of Pawlet,

        Plaintiff,                    Adv. Proc. No. _____

   v.

Daniel S. Banyai,

        Defendant.

COMPLAINT PURSUANT TO 11 U.S.C. §§ 523 AND 727 SEEKING TO DENY
DISCHARGE of DEBT TO TOWN OF PAWLET

    Plaintiff Town of Pawlet, creditor and party in interest in the above-captioned case, by and through its attorneys, Woolmington, Campbell, Bent & Stasny, P.C., hereby requests an order and judgment of the Court excepting all debt owed by Daniel S. Banyai to Plaintiff from any order of this Court granting the Defendant a discharge in bankruptcy under 11 U.S.C. § 523 of the United States Bankruptcy Code ("Bankruptcy Code") and further, denying the Defendant any discharge pursuant to 11 U.S.C. § 727.

### Parties

1. Plaintiff Town of Pawlet is a municipal governmental organization organized under the laws of the State of Vermont.

2. Defendant Daniel S. Banyai ("Defendant") is the debtor-in-possession in *In re Daniel S. Banyai*, Case No. 24-10242, and purportedly resides at 541 Briar Hill Road in Pawlet, Vermont.

### Jurisdiction

3. This adversary proceeding ("Adversary Proceeding") is commenced pursuant to 11 U.S.C. § 523 and Federal Rule of Bankruptcy Procedure 4007.

4. The Court has jurisdiction over the parties and subject matter of the Adversary Proceeding pursuant to 11 U.S.C. § 523 and 28 U.S.C. § 157.

### Procedural History

*The Contempt Judgment*

5. On September 6, 2019, the Town of Pawlet commenced an action in the Vermont Superior Court, Environmental Division, for the enforcement of its zoning bylaws with regard to Defendant's violation thereof.

6. Following a merits hearing, the Environmental Division issued a merits decision and final judgment permanently enjoining Defendant from unpermitted uses on his property at 541 Briar Hill Road in West Pawlet, Vermont ("Property"), ordering that Defendant obtain a survey of the improvements on the Property, and imposing penalties in the amount of $100 daily, totaling $46,600 at the time of judgment.

7. The Vermont Supreme Court affirmed the Environmental Division's orders. *Town of Pawlet v. Banyai*, 2022 VT 4, ¶¶ 11–12, 216 Vt. 189, 274 A.3d 23.

8. This Judgment became a lien on the Property by filing in the Pawlet Land Records on February 10, 2022 ("First Judgment").

9. After Defendant failed to comply with the Court's Orders, the Town initiated contempt proceedings against the Defendant.

10. After significant motion practice and an evidentiary hearing held in November 2022, the Environmental Division found Defendant in contempt of court for failing to fulfill his "long-standing obligation" to remove unpermitted structures on the Property and to have a survey conducted.

11. On February 8, 2023, the Court issued a contempt order imposing multiple sanctions, including as relevant here $200 per day in fines running until all violations are cured, payable to the Plaintiff, and authorized the Town to enter the Property and bring it into compliance, at Defendant's expense ("Contempt Order").

12. The fines were purgeable if the Defendant complied with specified court-imposed schedule to bring the Property into compliance.

13. The Contempt Order also specified that the fines constituted a judgment lien on the Property upon its filing in the Pawlet Land Records.

14. The Contempt Order also authorized the issuance of a mittimus for Defendant's arrest if he failed to comply with the court-imposed schedule to bring the Property into compliance.

15. The Defendant failed to bring the Property into compliance, and the fines became nonpurgeable upon the expiration of the court-ordered deadlines.

16. The Defendant failed to timely appeal the Contempt Order, and so it became final and binding upon the deadline to appeal. *Town of Pawlet v. Banyai*, 2024 VT 13, 315 A.3d 1008.

17. The Contempt Order was affixed as a judgment lien by recording of a copy thereof on January 3, 2024, and again on June 3, 2024 ("Contempt Judgment").

*Additional Relevant Procedural History*

18. In August 2021, Defendant formed Slate Ridge Incorporated, Inc. (SRI) as a Vermont nonprofit organization. SRI was granted status as a 501(c)(3) organization by the Internal Revenue Service on December 20, 2022.

19. SRI's stated mission, as approved by the IRS is: "we are a group of humans the work [sic] to educated people to self-sustain through learning their rights and usage of working with the land and living off the land."

20. On December 26, 2022, Defendant conveyed the Property he owned at 541 Briar Hill Road in West Pawlet, Vermont to SRI for no consideration.

21. In 2022, the Town sought to satisfy its First Judgment by commencing a foreclosure proceeding against the Defendant. As a result, the First Judgment was paid in full and has been satisfied.

22. In 2024, the Town sought to satisfy the Contempt Judgment by reopening the foreclosure proceeding against SRI as the owner of the Property (claiming under Defendant).

23. On November 20, 2024, after the foreclosure action had been initiated, SRI purported to convey the Property by quitclaim deed back to the Defendant in his individual name, without consideration.

24. Shortly after the transfer was made on December 3, 2024, Defendant filed the present bankruptcy petition, in which he claimed the Property to be exempt up to the homestead exemption of $125,000.00 pursuant to 27 V.S.A. § 101.

25. In connection with his motion to avoid the Contempt Judgment pursuant to 11 U.S.C. § 522(f), Defendant has submitted an affidavit in which he swore to this Court that, among other things, that he has at all times resided at the Property, and that he has never left it voluntarily without the intent to return.

26. Defendant has twice submitted contrary assertions to the Vermont Superior Court Criminal Division.

27. Defendant's former attorney also told Vermont State Police and the Rutland County Sheriff's Department in December 2023 that Defendant had left the State of Vermont with no intention of returning.

28. The Vermont State Police and the Rutland County Sheriff's Department also visited the Property dozens of time in late 2023 and early 2024, and concluded that Defendant was not residing at the Property.

## COUNT 1: Denial of Discharge Pursuant to 11 U.S.C. § 523 (a)(7)

29. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs.

30. As relevant, Section 523(a) provides that

    a discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
    (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . .

31. Because the Contempt Judgment is for a fine and/or penalty payable to and for the benefit of the Town of Pawlet, a governmental unit, and is not compensation for actual pecuniary loss, Defendant is not entitled to a discharge of the subject debt.

## COUNT 2: Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(4)

32. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs.

33. As relevant, Section 727 (a) provides that

    The court shall grant the debtor a discharge, unless—
    (4) the debtor knowingly and fraudulently, in or in connection with the case—
    (A) made a false oath or account;
    (B) presented or used a false claim . . .

34. In the present case, the Defendant presented to the Court an affidavit falsely swearing that he has at all times resided at the Property for which he is asserting a homestead exemption, and that he has never left it voluntarily without the intent to return.

35. Because Defendant has knowingly and fraudulently made a false oath or account in and in connection with this case, he is not entitled to a discharge of the subject debt.

WHEREFORE, the Plaintiff respectfully requests judgment against the Defendant as follows:

A. Enter judgment denying Defendant's discharge from his debt to Plaintiff pursuant to 11 U.S.C. § 523(a)(7);
B. Enter judgment denying Defendant's discharge from his debt to Plaintiff pursuant to 11 U.S.C. § 727(a)(4);
C. Enter judgment in favor of the Town of Pawlet for interest and its costs and attorneys' fees; and
D. For such other relief as this Court may deem just and proper.

Signed at Manchester, Vermont this 10th day of March, 2025.

*/s/ Merrill E. Bent*
Merrill E. Bent, Esq.
Woolmington, Campbell, Bent & Stasny, P.C.
4900 Main Street, PO Box 2748
Manchester Ctr., VT 05255
(802) 362-2560
merrill@greenmtlaw.com


Attorneys for the Town of Pawlet