*Formatted for Electronic Distribution*                                    *Not for Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

_____

In re:

**DANIEL S. BANYAI,**
                **Debtor.**
                                                **Case No. 24-10242**
                                                **Chapter 7**
_____

**TOWN OF PAWLET,**
                        **Plaintiff,**

        v.                                      **Adv. Proc. No. 25-01003**

**DANIEL S. BANYAI,**
                        **Defendant.**
_____

<u>MEMORANDUM OF DECISION</u>
<u>GRANTING IN PART AND DENYING IN PART TOWN OF PAWLET'S MOTION FOR SUMMARY JUDGMENT</u>

On December 3, 2024, Daniel S. Banyai (Debtor) filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[1]  On March 10, 2025, Plaintiff Town of Pawlet commenced this adversary proceeding, challenging the dischargeability of the debts in its underlying claim.[2]

On December 15, 2025, the Town of Pawlet (Movant) filed a motion for summary judgment (the Motion).[3]  In the Motion, Movant argues the so-called "Contempt Judgment" is non-dischargeable under § 523(a)(7)[4] on the basis that it constitutes a fine and/or penalty payable to benefit a governmental unit.  Plaintiff further argues the so-called "Fees and Costs Judgment" is non-dischargeable under § 523(a)(6) as a willful and malicious injury by Debtor.  For the reasons set forth below, the Court finds summary judgment is appropriate as to the Contempt Judgment, for which summary judgment is granted.  The Court further

_____

[1] In re Banyai, Case No. 24-10242 (Main Case), ECF 1.

[2] *Town of Pawlet v. Banyai*, 25-01003, ECF 1. Unless otherwise indicated, all citations to the record are to the Adversary Proceeding.

[3] ECF 24.

[4] Unless otherwise indicated, all statutory references are to title 11 of the United States Code (the Bankruptcy Code).

1

finds genuine issues of material fact remain as to the Fees and Costs Judgment which preclude judgment as a matter of law, for which summary judgment is denied.

JURISDICTION

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by the U.S. District Court on June 22, 2012. The Court declares this contested matter to be a core proceeding according to 28 U.S.C. § 157(b)(2)(I), over which this Court has constitutional authority to enter a final judgment.

FACTUAL BACKGROUND

In 2013, Debtor purchased approximately 30 acres of real property in West Pawlet, Vermont (the Property).[5] The Property was undeveloped but zoned for residential use.[6] In 2017, Debtor began operating a firearms training facility on the Property, in violation of local zoning ordinances and without a variance issued by Movant.[7]

On September 6, 2019, Movant filed an action in the Environmental Division of the Vermont Superior Court (State Court) to enforce Debtor's compliance with the zoning ordinance.[8] On March 5, 2021, the State Court issued a final judgment for Movant and the judgment was affirmed by the Vermont Supreme Court.[9]

Debtor took no action to cure the zoning violations after the judgment was entered and affirmed. Movant initiated contempt proceedings against Debtor, and the State Court issued a contempt order imposing multiple sanctions, including a $200.00 fine, assessed daily until Debtor remediated the violations.[10] These fines could have been avoided if Debtor brought the Property back into compliance within 135 days.[11] The Property remained noncompliant after this deadline passed. Movant obtained a writ

---

[5] *Town of Pawlet v. Banyai*, No. 105-9-19 Vtec, Decision on Merits and Final Judgment at 5 (Vt. Super. Ct. Envtl. Div. Mar. 5, 2021).

[6] *Id.*

[7] *Id.* at 6.

[8] ECF 23 at 2, ¶ 3.

[9] *Town of Pawlet v. Banyai*, 2022 VT 4, 216 Vt. 189, 274 A.3d 23 (Vt. 2022).

[10] *Town of Pawlet v. Banyai*, No. 105-9-19 Vtec. Decision on Post-Judgment motion for Contempt and Fines (Vt. Super. Ct. Envtl. Div. Feb. 8, 2023).

[11] *Id.* at 27-28.

of mittimus, and Debtor was incarcerated while Movant brought the Property into compliance.[12] The fines accrued to $237,000, were reduced to judgment, and a lien was recorded against the Property in this amount (the Contempt Judgment).[13]

On May 24, 2024, the State Court awarded Movant attorneys' fees and costs incurred litigating the zoning violations and bringing the Property into compliance.[14] The principal amount awarded to reimburse Movant under this judgment was $62,601.39 and a lien was recorded against the Property in this amount (the Fees and Costs Judgment, and together with the Contempt Judgment, the Judgments). Interest on the Judgments continued to accrue at 12% *per annum*,[15] and when Debtor filed his Chapter 7 petition, the cumulative amount due on the Judgments was $354,313.17.[16]

Movant has filed a claim for the Judgments and has obtained relief from the automatic stay to seek *in rem* relief against the Property.[17] Movant also commenced this adversary proceeding seeking a determination that its claims are not dischargeable in bankruptcy, essentially preventing Debtor from discharging any personal liability for the Judgments. Movant seeks summary judgment, and makes four arguments in support of its request:

1. The Contempt Judgment is non-dischargeable under § 523(a)(7) as a fine/penalty payable to benefit a governmental unit;

2. Post-petition interest continues to accrue on the Contempt Judgment and that interest, along with the principal amount, is non-dischargeable;

3. The Fees and Costs Judgment is non-dischargeable under § 523(a)(6) because the judgment is attributable to a willful and malicious injury by Debtor against Movant; and

4. Post-petition interest continues to accrue on the Fees and Costs Judgment and that interest, along with the principal amount, is non-dischargeable.

The Court will address each argument in turn.

---

[12] *Id*. at 28 ("Upon [Debtor]'s imprisonment, [Movant] will be permitted to enter the Property and complete the deconstruction and removal of those structures, uses, and developments described above…[Debtor] will remain imprisoned until [Movant] or his agents complete the work.").

[13] ECF 23 at 4, ¶ 18.

[14] *Town of Pawlet v. Banyai*, No. 105-9-19 Vtec, Entry Regarding Motion (Vt. Super. Ct. Envtl. Div. Apr. 24, 2024).

[15] *See* 12 V.S.A. § 2903(c).

[16] *Town of Pawlet v. Banyai*, 25-01003, Claim 2.

[17] *Id. See also* ECF 44.

## Summary Judgment Standard

This Court should grant summary judgment only if the record shows no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law.[18] A genuine issue of fact exists when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party."[19] A fact is material when it "affect[s] the outcome of the suit under the governing law,…[f]actual issues that are irrelevant or unnecessary are not material."[20] When deciding whether a genuine issue of material fact exists, the Court must view all evidence in the light most favorable to the non-movant and must draw any inferences in the non-movant's favor.[21]

## Discussion

Movant relies upon the Judgments entered by the State Court to support its characterization of the Judgments. Collateral estoppel "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication."[22] Collateral estoppel "bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding, if that party had a full and fair opportunity to litigate the issue in the prior proceeding and the decision of the issue was necessary to support a valid and final judgment on the merits."[23]

Typically, federal courts apply state law to determine the preclusive effect of state court judgments.[24] Vermont courts apply collateral estoppel when:

1. Preclusion is asserted against one who was a party or in privity with a party in the earlier action;

2. The issue was resolved by a final judgment on the merits;

3. The issue is the same issue as the one raised in the later action;

4. There was a full and fair opportunity to litigate the issue in the earlier action; **and**

---

[18] *See* Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a).

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

[20] *In re Montagne*, 431 B.R. 72, 79 (Bankr. D. Vt. 2010) (*internal citations omitted*).

[21] *Cruden v. Bank of New York*, 957 F.2d 961, 975 (2d Cir. 1992).

[22] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

[23] *Metromedia Co. v. Fugazy*, 983 F.2d 350, 365 (2d Cir. 1992).

[24] *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002); *Brown v. Pagliughi*, 2023 WL 5185598, at *4 (Bankr. D. Vt. 2023).

5. Applying preclusion in the later action is fair.[25]

## I.      The Contempt Judgment

### A.  Preclusive Effect of the Contempt Judgment

The Court begins by analyzing whether the Contempt Judgment precludes Debtor's arguments against non-dischargeability under collateral estoppel. First, preclusion is asserted against Debtor, who himself was a party in the earlier action. The Contempt Judgment constituted a final judgment on the merits of Debtor's alleged contempt.[26]

The issue currently before this Court is the same as the issue resolved by the Contempt Judgment. The State Court described the Contempt Judgment as "*fines* of $200 per day."[27] The court recognized Movant as a governmental unit, and ordered the Contempt Judgment payable to Movant.[28] The court acknowledged the Contempt Judgment was not intended to compensate for pecuniary loss; the court deferred judgment on pecuniary losses until the Property was brought back into compliance.[29]  The Contempt Judgment does not constitute a tax penalty, so the limitations imposed by §523(a)(7)(A, B) do not apply.[30] These factual findings support the elements of non-dischargeability under § 523(a)(7); the Contempt Judgment constitutes fines payable to Movant as a governmental unit and is not compensation for pecuniary loss.

When evaluating whether a state court judgment is preclusive, "[N]o one simple test is decisive in determining whether either of the final two criteria are present; courts must look to the circumstances of each case."[31] To avoid preclusion, "the party opposing collateral estoppel must show the existence of

---

[25] *Trepanier v. Getting Organized, Inc*., 155 Vt. 259, 265, 583 A.2d 583, 587 (Vt. 1990).

[26] *Town of Pawlet v. Banyai*, No. 105-9-19 Vtec. Decision on Post-Judgment Motion for Contempt and Fines, at *27-29 (Vt. Super. Ct. Envtl. Div. Feb. 8, 2023); see also *Town of Pawlet v. Banyai*, No. 105-9-19 Vtec. Entry Regarding Motion to Enforce, at *2 (Vt. Super. Ct. Envtl. Div. Jun. 1, 2023) (noting Debtor filed a Motion to Reconsider the Contempt Judgment, but that Motion was denied and neither the Contempt Judgment nor the denied Motion to Reconsider were appealed to the Vermont Supreme Court.).

[27] *Town of Pawlet v. Banyai*, No. 105-9-19 Vtec. Decision on Post-Judgment Motion for Contempt and Fines, at *27 (Vt. Super. Ct. Envtl. Div. Feb. 8, 2023) (*emphasis added*).

[28] *Id*. at 3 (referencing Movant's authority to adopt and enforce the Town of Pawlet Unified Bylaws); see also 24 V.S.A. § 4401 (authorizing a municipality to adopt regulatory tools such as bylaws).

[29] *Town of Pawlet v. Banyai,* No. 105-9-19 Vtec. Decision on Post-Judgment Motion for Contempt and Fines, at *29.

[30] The Contempt Judgment was issued pursuant to 24 V.S.A. § 4451, which is unrelated to taxes. Any tax penalty assessed against Debtor would be brought under title 32 of the Vermont Statutes.

[31] *Trepanier*, 155 Vt. at 265, 583 A.2d at 587.

circumstances that make it appropriate for an issue to be relitigated."[32] Debtor does not dispute the elements under § 523(a)(7) have been met by the Contempt Judgment and has not shown any circumstances that make it appropriate for this Court to relitigate the issue of the Contempt Judgment. Accordingly, because the Contempt Judgment satisfies each of the elements of § 523(a)(7), and because Debtor had a full and fair opportunity to contest the State Court's factual findings, collateral estoppel precludes Debtor from contesting the dischargeability of the Contempt Judgment.

## B. Dischargeability of the Contempt Judgment

"A discharge under section 727…does not discharge an individual debtor from any debt to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty."[33]

The State Court issued the Contempt Judgment pursuant to 24 V.S.A. § 4451.[34] Under this provision, any person who violates any zoning bylaw "shall be *fined* not more than $200.00 for each offense."[35] The Contempt Judgment constituted a penalty for Debtor's zoning violations, as the plain language of the statute contemplates.

The Contempt Judgment was payable to and for the benefit of Movant. There is no dispute Movant constitutes a governmental unit, as defined both by the Bankruptcy Code[36] as well as Vermont law.[37] Movant suffered no pecuniary loss prior to the Contempt Judgment such that it could not be interpreted as compensation for pecuniary loss, unlike the Fees and Costs Judgment.

The plain language of § 523(a)(7) excepts from discharge: a debt to the extent it is for a fine, penalty or forfeiture owed to the government, so long as it not compensation for actual pecuniary loss. Viewing the evidence in the light most favorable to Debtor, the Contempt Judgment fits this definition such that it is not dischargeable as a matter of law and summary judgment is appropriate as to the Contempt Judgment.

---

[32] *Trepanier*, 155 Vt. at 265-66, 583 A.2d at 587-88.

[33] § 523(a)(7).

[34] *Town of Pawlet*, 2022 VT 4 at ¶¶29-31, 216 Vt. at 203, 274 A.3d at 34 (Vt. 2022).

[35] 24 V.S.A. § 4451(a) (emphasis added).

[36] § 101(27).

[37] 17 V.S.A. § 2103(24).

### C.  Post-Petition Interest on the Contempt Judgment

As a general rule, interest no longer accrues once the debtor files a bankruptcy petition.[38] This aligns with the Congressional intent that bankruptcy provide the honest, but unfortunate debtor a fresh start.[39] However, "Congress, speaking for society, has decided that the problems of others [including] the government…override the value of giving the debtor a wholly new start in life."[40] To that end, certain debts owed to the government will continue to encumber a debtor after bankruptcy.

When a debt is found to be non-dischargeable, personal liability for that debt survives bankruptcy. Interest is an important tool to prompt repayment of a debt, and therefore an integral part of any continuing debt.[41] While it precedes the Bankruptcy Act of 1978 governing this case, *Bruning* continues to control the dischargeability of debts owed to the government in the Second Circuit.[42] Post-petition interest on a non-dischargeable claim owed to the government is recoverable against Debtor. The *Bruning* Court found no congressional intent to the contrary in the Bankruptcy Act of 1938, and nothing in the Bankruptcy Act of 1978 indicates Congressional intent to change this.

The Court has determined the Contempt Judgment to be a non-dischargeable debt owed to the government. Therefore, interest on the Contempt Judgment continues to accrue post-petition. Movant is entitled to summary judgment as to the accrual and non-dischargeability of accrued post-petition interest on the Contempt Judgment.

## II.      The Fees and Costs Judgment

### A.  Preclusive Effect of the Fees and Costs Judgment

Movant asserts the doctrine of collateral estoppel bars Debtor from contesting the non-dischargeability of the Fees and Costs Judgment. While Movant has satisfied three of the criteria for determining the preclusive effect of the Fees and Costs Judgment, all five criteria must be satisfied for collateral estoppel to apply.[43] First, preclusion is asserted against Debtor, who was a party in the earlier state court action giving rise to the Fees and Costs Judgment. Next, the Fees and Costs Judgment resulted

---

[38] § 502(b)(2).

[39] *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007).

[40] *In re Johnson Elec. Corp.*, 442 F.2d 281, 283 (2d Cir. 1971).

[41] *Bruning v. United States*, 376 U.S. 358, 360 (1964).

[42] *Salazar v. C.I.R.*, 338 F. App'x 75, 78 (2d Cir. 2009).

[43] *McLaughlin v. Pallito*, 2017 VT 30, ¶ 11, 204 Vt. 375, 379, 169 A.3d 210, 213 (Vt. 2017) ("a claim is precluded when [all] five discrete criteria are present.").

from a final judgment on the merits. Finally, Debtor had a full and fair opportunity to litigate the Fees and Costs Judgment in the State Court and had a full and fair opportunity to challenge the Fees and Costs Judgment in the Vermont Supreme Court.

However, this Court must determine whether the issue it confronts is the same issue resolved by the Vermont courts. To determine whether this issue is the same as the one raised in the earlier litigation, the Court must analyze the state court judgment awarding the Fees and Costs Judgment relative to the elements of Movant's non-dischargeability claim under 523(a)(6).[44]

The State Court awarded the Fees and Costs Judgment pursuant to Rule 54(d) of the Vermont Rules of Civil Procedure.[45] This Rule required Movant to "specify the judgment and the statute, rule, or other grounds entitling [Movant] to the award."[46] The documents filed in this case do not specify a specific statute or rule warranting relief; the Fees and Costs Judgment was granted under the State Court's "equity power to award attorney fees as the needs of justice dictate," recognizing "this power should only be invoked in exceptional cases and for dominating reasons of justice."[47]

The State Court made a series of factual findings to support the Fees and Costs Judgment. The State Court found Debtor had "engaged in a pattern of non-compliance and disregard for the rule of law, resulting in several years of post-judgment proceedings and culminating with his arrest."[48] The State Court further found Debtor had not objected to any aspect of the fees and costs sought by Movant. Based on these findings, the court concluded that "the facts of this case [were] so exceptional as to warrant an award of attorney's fees."[49] Nevertheless, the facts upon which the State Court relied to approve the Fees and Costs Judgment are not sufficient to preclude litigation of the dischargeability of the Fees and Costs Judgment under § 523(a)(6).

To prevail against the dischargeability of a debt under § 523(a)(6), Movant must demonstrate the harmful consequences of Debtor's actions were willful and malicious, not just the actions themselves.[50] The

---

[44] *See Brown*, 2023 WL 5185598, at *4.

[45] *Town of Pawlet v. Banyai*, No. 105-9-19 Vtec., at *1 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2024).

[46] Vt. R. Civ. P. 54(d)(2)(B).

[47] *Town of Pawlet v. Banyai*, No. 105-9-19 Vtec, at 2 (Vt. Super. Ct. Envtl. Div. May 24, 2024) (*citing DJ Painting, Inc. v. Baraw Enters. Inc.*, 172 Vt. 239, 246 (Vt. 2001)).

[48] *Id.*

[49] *Id.*

[50] *Kawaauhau*, 523 U.S. at 61-62.

State Court and the Vermont Supreme Court found Debtor's actions to be willful and malicious, as defined by this Circuit's interpretations of § 523(a)(6).[51] However, they did not address whether the harmful consequences of Debtor's actions giving rise to the Fees and Costs Judgment were willful or malicious, a necessary element of Movant's § 523(a)(6) claim. Based on the summary judgment record, collateral estoppel cannot preclude Debtor's arguments in defense of the dischargeability of the Fees and Costs Judgment.

The Court need not decide whether applying preclusion against Debtor would be fair. Movant has failed to prove that collateral estoppel precludes Debtor's arguments in opposition to the Fees and Costs Judgment as a matter of law.

### B. Dischargeability of the Fees and Costs Judgment

Movant claims its Fees and Costs Judgment against Debtor is non-dischargeable as it is the result of a willful and malicious injury by Debtor. "A discharge under section 727…does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity."[52]

An injury is willful when it is "deliberate or intentional."[53] This requires Debtor to intend the consequences of his actions, not simply the actions themselves.[54] An injury is malicious when it is "wrongful and without just cause or excuse," whether caused by personal hatred, spite, or ill-will.[55]

Here, the Fees and Costs Judgment constitutes a debt Movant incurred in remediating the Property, as well as prosecuting Debtor's zoning violations and noncompliance with court orders. Movant argues Debtor acted intentionally when he violated the zoning bylaws, and that he intentionally disregarded the State Court's orders to bring the Property into compliance. However, the Fees and Costs Judgment was not incurred directly by these intentional actions. Rather, the fees and costs were incurred by litigation and

---

[51] An injury is willful when it is "deliberate or intentional." The State Court found Debtor's inaction to be "in willful disregard to the Court's [prior] order." *Town of Pawlet v. Banyai*, No. 105-9-19 Vtec. Decision on Post-Judgment motion for Contempt and Fines, at *10 (Vt. Super. Ct. Envtl. Div. Feb. 8, 2023). The State Court never found debtor intended Movant's financial injury in the form of further litigation to follow his inaction. An injury is malicious when it is "wrongful and without just cause or excuse," whether or not caused by personal hatred, spite, or ill-will. The State Court found Debtor's conduct to be wrongful and without just cause or excuse, finding Debtor's explanations for his conduct to be "ingenuine, inadequate, and not credible." *Id*. at *10-11. Those findings are insufficient as a matter of law under § 523(a)(6).

[52] § 523(a)(6).

[53] *In re Stelluti*, 94 F.3d 84, 87 (2d Cir. 1996).

[54] *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998).

[55] *Stelluti*, 94 F.3d at 87-88.

remediation, in response to Debtor's actions. The Fees and Costs Judgment arose as a consequence of Debtor's actions. For this debt to be non-dischargeable, *Kawaauhau* requires Movant to prove Debtor intended to cause these consequences by his noncompliance.[56]

Movant fails to establish Debtor deliberately or intentionally caused Movant to incur fees and costs without just cause or excuse. Drawing inferences in Debtor's favor, there is no evidence for the Court to find Debtor intended the Movant to engage in years-long, protracted litigation. Nothing in the record indicates Debtor intended for Movant to continue accruing attorney's fees in the prosecution of the State Court case. Movant points to nothing in the record to support Debtor intended to have Movant remediate the Property on his behalf. In fact, Movant secured a writ of mittimus to incarcerate Debtor during the remediation, ostensibly so he would not participate.[57]

The summary judgment record does not establish the Fees and Costs Judgment constitute willful and malicious injury by Debtor. Therefore, a genuine issue of material fact remains as to whether the Fees and Costs Judgment is non-dischargeable and Movant has not established it is entitled to summary judgment as a matter of law. Summary judgment as to the non-dischargeability of the Fees and Costs Judgment is denied.

### C. Post-Petition Interest on the Fees and Costs Judgment

Under Vermont law, interest on the Fees and Costs Judgment accrues at 12% *per annum*.[58] As a general rule, the automatic stay prevents interest from accruing after a debtor files a bankruptcy petition.[59] Interest continues to accrue only on debts that are deemed non-dischargeable by the Court.[60]

Because a genuine issue of material fact remains as to the non-dischargeability of the Fees and Costs Judgment, a genuine issue of material fact also remains as to the non-dischargeability of any post-petition interest on the Fees and Costs Judgment. Movant is not entitled to summary judgment as to the non-dischargeability of interest on the Fees and Costs Judgment.

---

[56]  Kawaauhau, 523 US at 61-62.

[57] ECF 24 at 4.

[58] *See* 12 V.S.A. § 2903(c).

[59] § 502(b)(2).

[60] *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) ("These exceptions to discharge, which further a variety of social policies, are narrowly construed.").

## <u>C**ONCLUSION**</u>

For the reasons set forth above, summary judgment is GRANTED as to the non-dischargeability of the Contempt Judgment and the accrual of all post-petition interest on the Contempt Judgment.

Summary judgment is DENIED as to the non-dischargeability of the Fees and Costs Judgment and the accrual of all post-petition interest on the Fees and Costs Judgment.  The parties will proceed to trial to determine whether the Fees and Costs Judgment is dischargeable, and whether post-petition interest should continue to accrue.

This Memorandum constitutes the Court's findings of fact and conclusions of law in accordance with Rule 7052.  A separate order will issue.

**SO ORDERED.**

February 12, 2026
Burlington, Vermont

Heather Z. Cooper
United States Bankruptcy Judge